UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DANIEL HILL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.:  2:07-CV-82-AS |
| | ) | |
| CHASE BANK, NA, and | ) | |
| MANN BRACKEN, L.L.C. | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Stay Class Based Discovery [DE 29], filed by the Defendant, Chase Bank USA, N.A. ("Chase Bank"), on October 12, 2007; and a Plaintiff's Motion for Leave to File Second Amended Class Action Complaint [DE 35], filed on October 29, 2007.  On October 29, 2007, the Plaintiff, Daniel Hill ("Hill"), filed a response in opposition to the Motion to Stay Class Based Discovery, Chase Bank did not file a reply and the time to do so has passed.  On November 7, 2007, Chase Bank filed a response in opposition to Hill's Motion for Leave to File a Second Amended Complaint, and on November 14, 2007, Hill filed a reply.  For the following reasons, the Court grants Hill's Motion for Leave to File a Second Amended Complaint and grants Chase Bank's Motion to Stay Class Based Discovery.

**FACTUAL AND PROCEDURAL HISTORY**

Hill, acting pro se, filed his Complaint in this matter in Lake County Superior Court on February 20, 2007, alleging that Chase Bank violated the Truth in Lending Act, obtained an improper arbitration award against him, and violated a number of his rights, including his right to trial by jury.  On March 19, 2007, Chase Bank filed a Notice of Removal, removing this case to the

United States District Court for the Northern District of Indiana. On April 12, 2007, Chase Bank filed an Answer to the Complaint.

On April 26, 2007, Attorney Lance A. Raphael entered an appearance on behalf of Hill. On September 6, 2007, Hill filed a First Amended Complaint, having been granted leave to do so that day by the District Court. The First Amended Complaint added Mann Bracken, LLC ("Mann Bracken") as a defendant to the lawsuit and alleged that Mann Bracken violated the Fair Debt Collection Practices Act. The First Amended Complaint also alleged that Chase Bank violated the Fair Credit Billing Act, stated class allegations, and repeated the allegation that the Defendants obtained an improper arbitration award.

On October 12, 2007, Chase Bank filed an Answer to Hill's First Amended Complaint and a Motion to Dismiss Counts I and III of the First Amended Complaint. There has been no subsequent briefing on Chase Bank's Motion to Dismiss. Also on October 12, 2007, Chase Bank filed a Motion to Stay Class Based Discovery, which seeks to stay class related discovery pending the District Court's ruling on Chase Bank's Motion to Dismiss. On October 23, 2007, Mann Bracken filed an Answer to the First Amended Complaint.

On October 29, 2007, Hill filed a Motion for Leave to File a Second Amended Complaint. The Motion to Stay and the Motion for Leave to File a Second Amended Complaint are now fully briefed and before the Court.

## ANALYSIS

This Opinion and Order addresses Hill's Motion for Leave to File a Second Amended Complaint and Chase Bank's Motion to Stay Class Based Discovery. The Court will address each Motion separately.

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Hill requests that the Court grant him leave to file a Second Amended Complaint to address issues raised by Chase Bank in its Motion to Dismiss Counts I and III and to add additional legal theories. In opposition to the Motion for Leave to Amend, Chase Bank offers three arguments: (1) the proposed amendments to Count III do not address all of the issues raised in Chase Bank's Motion to Dismiss and thus Chase Bank argues that there is no amendment; (2) the addition of Count IV in the proposed Second Amended Complaint is dilatory because the facts underlying the claim were known to Hill prior to his filing of the First Amended Complaint; and (3) the proposed addition of Count IV to the Second Amended Complaint is futile because the statute of limitations for such a claim has elapsed.

> Federal Rule of Civil Procedure 15 governs amendments to pleadings and provides, in part:
>
> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). The Supreme Court explained the term "freely given" as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *See id.* The decision whether to grant or deny a motion

to amend lies within the sound discretion of the district court.  *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Reviewing the proposed Second Amended Complaint, which is attached to Hill's Motion, the Court notes two main areas of proposed change: two amendments to Count III, and the addition of Count IV.  Counts I and II are unchanged.  Proposed Count IV alleges that Chase Bank twice violated the Equal Credit Opportunity Act ("ECOA").  The first violation is alleged to have occurred when Chase Bank raised the interest rate on Hill's credit card account without providing him with a valid justification, as required by the ECOA, 15 U.S.C. § 1691(d)(2).  The second violation allegedly occurred when Hill attempted to exercise his rights under the Fair Credit Billing Act by requesting a reason for the interest rate increase on his credit card account and Chase Bank discriminated against him by failing to accurately respond to his inquiry and disregarding his billing dispute in violation of the ECOA, 15 U.S.C. § 1691(a).

Hill also seeks to amend Count III of the First Amended Complaint.  Count III, in the current and proposed versions of the Complaint, requests that the Court vacate an arbitration award obtained by the Defendants against Hill for certain credit card debts.  The First Amended Complaint includes allegations that the arbitrator had "very strong incentives to be biased" in the Defendants' favor.  *See* First Am. Compl. at ¶ 87.  The First Amended Complaint also includes an allegation that the arbitration provision is "an entirely secretive system of dispute resolution, and deprives Plaintiff and other customers of their right to public, open, reviewable dispute resolution before a publicly appointed or elected judge who is subject to review or appeal."  *See id.* at ¶ 89.  Hill omitted these two allegations from the proposed Second Amended Complaint.  However, in both versions of the Amended Complaint, Count III seeks the same relief, namely that the Court issue a declaration as to whether the arbitration provision is valid and enforceable and that the Court vacate the award of the

arbitrator. The grounds upon which Hill seeks the requested relief are also the same in both versions of the Complaint, specifically that the arbitrator exceeded his authority, that there was no arbitration agreement, and that if there was an arbitration agreement, it is void due to procedural and substantive unconscionability.

Arguing against allowing Hill to file a Second Amended Complaint, Chase Bank first contends that the changes made to Count III do not address all of the issues raised in Chase Bank's Motion to Dismiss and thus, there is no amendment. Chase Bank's Motion to Dismiss seeks to dismiss Counts I and III of the First Amended Complaint. To date, the Motion has not been responded to. The Court declines to address whether the proposed amendments contained in the Second Amended Complaint address all of the issues raised by Chase Bank in its Motion to Dismiss, as the outcome of that question will not affect the Court's ruling on the instant Motion. The Court finds that the addition of Count IV in the proposed Second Amended Complaint is a definite proposed amendment to the First Amended Complaint. The Court does not find legal support for Chase Bank's theory that Hill's failure to address all of the issues raised in the pending dispositive motion would be grounds to deny the instant Motion, other than the potential that the proposed amendments are futile, which is addressed with respect to proposed Count IV *infra*. Thus, the Court finds that Chase Bank's first argument is not sufficient grounds to deny the instant Motion.

Chase Bank next argues that the addition of Count IV in the proposed Second Amended Complaint is a dilatory attempt by Hill to assert a claim that could have properly been asserted when the First Amended Complaint was filed. "Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, 'the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.'"

*Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (quoting *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 928 (7th Cir. 1999)).  Delay alone is not a sufficient reason to deny a motion for leave to amend.  *See Park*, 297 F.3d at 612; *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).  "Delay must be coupled with some other reason."  *Dubicz*, 377 F.3d at 793.

Here, at the June 7, 2007, Rule 16(b) preliminary pretrial conference, the Court set August 8, 2007, as the deadline for any amendments to the pleadings.  Following the expiration of the deadline, on August 10, 2007, Hill filed a Motion for Leave to File a First Amended Complaint, which the Court granted on September 6, 2007.  The instant Motion is Hill's second attempt to amend his Complaint after the deadline to do so expired.  However, while the deadline to amend pleadings has expired, in the context of federal civil litigation, which often lasts for several years, the deadline passed a relatively short time ago.  In addition, aside from delay, Chase Bank asserts only futility as a reason to deny the instant Motion with respect to Count IV.  The futility argument, analyzed *infra*, does not form a sufficient basis to deny the Motion.  Thus, the Court finds that Chase Bank's argument of delay, alone, is not sufficient cause to deny Hill's request for leave to file a Second Amended Complaint.

Chase Bank's final argument against a second amendment of the Complaint is that the ECOA claim is not timely, and thus is futile and should not be allowed.  An amendment is considered "futile" if it would not withstand a motion to dismiss.  *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).  Unless it is clear from the face of the complaint that the amendment would be futile, such that "it appears to a certainty that plaintiff cannot state a claim," the district court should grant leave to amend.  *See Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (omitting footnote and citations).

Chase Bank argues that Count IV is futile because the applicable statute provides for a one-year statute of limitations and the claim concerns events that occurred in January and April of 2006. Chase Bank refers to 15 U.S.C. § 1640(e) for a one-year statute of limitations. Hill argues that Chase Bank referred to the wrong statute of limitations and the proper statute, found at 15 U.S.C. § 1691e(f), provides for a two-year statute of limitations. Count IV alleges a cause of action under the ECOA, 15 U.S.C. § 1691 *et seq*. The statute of limitations referenced by Chase Bank is contained within the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and is thus not applicable to the proposed Count IV. *See* 15 U.S.C. § 1640(e); *Rynearson v. First Nat'l Bank of Rochester*, 602 F. Supp. 1253, 1259 (N.D. Ind. 1985). The Court finds that the two-year statute of limitations contained in 15 U.S.C. § 1691e(f) is applicable to the claim asserted in the proposed Count IV. *See Wide ex rel. Wilson v. Union Acceptance Corp.*, IP 02-0104-C-M/S, 2002 WL 31730920, at *5 (S.D. Ind. Nov. 19, 2002) ("The statute of limitations for a violation of the ECOA is two years"). Chase Bank acknowledges that the conduct complained of in Count IV occurred approximately eighteen months prior to Hill's filing of the proposed Second Amended Complaint. Therefore, the claim asserted by Hill, having occurred within the past two-years, is timely and is not futile based on the statute of limitations.

Chase Bank asserted one additional argument, which the Court finds is not related to Hill's request for leave to amend. Chase Bank contends that discovery will reveal that Hill contracted with an organization for documents and pleadings used in connection with this matter as part of a debt elimination scheme sold to consumers. Chase Bank argues that Hill's participation in this debt elimination program makes him an inappropriate class representative for a potential class action. The Court finds that this argument is not related to the issue currently before the Court of whether

7

leave to amend should be granted. This issue will be considered, if appropriate, at a later date should Chase Bank choose to raise it again.

The Court finds that allowing the Plaintiff's proposed amendments at this stage of litigation is not significantly prejudicial to Chase Bank. At this relatively early stage of litigation, when discovery is ongoing, the proposed amendments will not require Chase Bank to expend a substantial amount of additional time and money on discovery and investigation. As a result, Hill's request to amend the First Amended Complaint by altering Count III and adding Count IV is granted.

## MOTION TO STAY CLASS BASED DISCOVERY

In its Motion to Stay Class Based Discovery, Chase Bank requests that the Court stay any class based discovery until the District Court makes a ruling on Chase Bank's Motion to Dismiss Counts I and III of Hill's First Amended Complaint. Chase Bank represents that if its Motion to Dismiss is granted, class discovery may be unnecessary. Having considered the Motion and finding that granting a stay of class based discovery will encourage the most efficient use of the parties' time and effort, the Court now grants the Motion to Stay Class Based Discovery pending the District Court's ruling on Chase Bank's Motion to Dismiss.

## CONCLUSION

Having reviewed the motions, the Court **GRANTS** the Motion to Stay Class Based Discovery [DE 29] and **GRANTS** the Plaintiff's Motion for Leave to File Second Amended Class Action Complaint [DE 35]. Because the Second Amended Class Action Complaint is currently docketed as an exhibit to [DE 35], the Court **ORDERS** Hill to electronically file the Second Amended Class Action Complaint as a separate docket entry. Pursuant to Local Rule 23.1(b), Hill's

deadline to file a motion for class certification will be ninety (90) days from the date the Second Amended Complaint is filed.

SO ORDERED this 26th day of November, 2007.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record

9