UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DANIEL HILL, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | CAUSE NO.: 2:07-CV-82-RLM |
| ) | | |
| CHASE BANK, NA, and ) | | |
| MANN BRACKEN, LLC ) | | |
| Defendants. ) | | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Stay Proceedings as to Mann Bracken, LLC and Opposition to Plaintiff's Motion for Extension to the Extent that Plaintiff Seeks to Add Subclasses [DE 73], filed by Defendant Mann Bracken, LLC ("Mann Bracken") on March 17, 2008. On April 4, 2008, Plaintiff Daniel Hill filed a Plaintiff's Response to Mann Bracken, LLC's Motion to Stay Proceedings, and on April 14, 2008, Mann Bracken filed a Reply in Support of Motion to Stay. For the following reasons, the Court denies the Motion to Stay.

**BACKGROUND**

On February 20, 2007, Plaintiff filed the Complaint in this matter in the State of Indiana Lake Superior Court, naming Chase Bank USA, N.A. ("Chase") as the sole Defendant. On March 19, 2007, Chase removed this matter to the United States District Court for the Northern District of Indiana.

On September 6, 2007, the Court granted Plaintiff's motion to file a first amended complaint, which he filed that day. The First Amended Complaint added Mann Bracken as a Defendant, and asserts one class action claim and two individual claims against Mann Bracken.

In the class action claim, Plaintiff alleges that Mann Bracken violated the Fair Debt Collection Practices Act ("FDCPA") by sending debt collection letters to Plaintiff that misrepresented the amount of debt owed by Plaintiff.

On October 29, 2007, Plaintiff filed a motion for leave to file a second amended complaint. On November 26, 2007, over Mann Bracken's and Chase's objections, the Court granted the motion for leave and on November 28, 2007, Plaintiff filed his Second Amended Class Action Complaint. The Second Amended Class Action Complaint did not add claims or alter the existing claims against Mann Bracken.

On December 10, 2007, Chase filed a Motion for Judgment on the Pleadings and a Motion to Dismiss. Both motions are pending before the District Court. Also on December 10, 2007, Chase filed a Motion to Stay Class Based Discovery. On January 9, 2008, the Court issued an Order granting Chase's Motion To Stay Class Based Discovery pending a ruling by the District Court on Chase's two pending dispositive motions.

On December 13, 2007, the Court held a telephonic pre-trial scheduling conference and set the following deadlines as to Plaintiff's claims against Mann Bracken: any amendments to pleadings to be filed on or before February 15, 2008; discovery deadline is May 15, 2008. On March 20, 2008, the Court issued an order setting a June 2, 2008, deadline for Plaintiff to file a motion for class certification as to his claims against Mann Bracken.

On March 17, 2008, Mann Bracken filed the instant Motion. On March 20, 2008, the Court issued an Order in which it took under advisement the instant Motion to the extent that it requests a stay of these proceedings. To the extent that the Motion opposed Plaintiff's Motion

for Extension of Time, the Court overruled Mann Bracken's opposition and granted the requested extension of time. The Motion to Stay is now fully briefed and before the Court.

## ANALYSIS

Mann Bracken requests that the Court stay all proceedings in this matter that involve the claims filed against it pending a ruling by the United States Court of Appeals for the Seventh Circuit in *Wahl v. Midland Credit Mangement, LLC*, No. 08-1517. Mann Bracken contends that Plaintiff's class claim is central to his dispute against Mann Bracken and that the Seventh Circuit's decision in *Wahl* will be dispositive as to Plaintiff's class action claim in this matter. In his response, Plaintiff does not object to staying his class claim against Mann Bracken but objects to Mann Bracken's request to stay issues that are not addressed by the *Wahl* appeal. In their briefs, neither party offers any statutory or case law in support of their arguments.

A district court has broad discretion to stay litigation "'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *See Hoosier Energy Rural Electric Cooperative, Inc.*, No. 1:04-cv-1761, 2005 WL 4882703, at *2 (S.D. Ind. Sept. 26, 2005) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). Generally a suit is duplicative of another if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)); *see also Archer Daniels Midland Co. v. Whitacre*, 60 F. Supp. 2d 819, 830 (C.D. Ill. 1999) (district court stayed proceedings on one count of the plaintiff's complaint pending a ruling by the Seventh Circuit on an appeal involving the same plaintiff and the same

subject matter). Acting within its discretion, a court may stay an action in deference to an earlier lawsuit even if the parties and issues are not identical. *See Heuft Systemtechnik v. Videojet Systems International, Inc.*, No. 93 C 0935, 1993 WL 147506, at *3 (N.D. Ill. May 6, 1993) (citing *Landis v. North American Co.*, 299 U.S. 248, (1936)). Rather than absolute identity, courts require that the parties and issues be so related that *res judicata*[1] may be asserted. *See Videojet*, 1993 WL 147506, at *3 (citations omitted).

Here, the parties represent that the issues raised by Plaintiff's class action claim against Mann Bracken in the instant litigation are the same as the issues raised in the *Wahl* appeal. However, in comparing the two actions, there are several differences. Here, Plaintiff asserts more than a single class action claim against Mann Bracken. Plaintiff also asserts two individual claims. The issues raised by Plaintiff's individual claims are not raised by the *Wahl* appeal, thus there is not identity of issues in all claims. Moreover, the parties in *Wahl*, Barbara Wahl and Midland Credit Management, Inc., are not involved in this instant matter. The Court finds this to be a significant factor because the parties, should this litigation proceed, will not be required to engage in duplicative discovery and litigation efforts. Were the parties in this litigation also involved in the *Wahl* appeal, then any further proceedings in this matter would likely require duplicative efforts of the parties and would not conserve efforts. In addition, the plaintiff in *Wahl* filed her appeal on March 3, 2008, and due to the press of work, it could be many months before the Seventh Circuit is able to issue a decision. As a result, despite the fact that Plaintiff

---

[1] "'Under Indiana law there are four basic elements of *res judicata*: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter at issue was, or might have been, determined in the former suit; (3) the controversy adjudicated in the former suit was between the parties to the present suit; and (4) the judgment in the former suit was rendered on the merits.'" *Hondo, Inc. v. Sterling*, 21 F.3d 775, 779 (7th Cir. 1994) (quoting *Leal v. Krajewski*, 803 F.2d 332, 334 (7th Cir. 1984)).

does not object to staying these proceedings with respect to the common issues addressed by the *Wahl* appeal, the Court finds that due to a lack of identity of issues and parties, and an uncertain date of resolution of the *Wahl* appeal, a stay is not justified. The Court therefore denies Mann Bracken's request for a stay as to all claims against it.

In his response to the instant Motion, Plaintiff for the first time in this case outlines a second class claim against Mann Bracken. Plaintiff contends that a class claim exists based on allegations that Mann Bracken sent approximately 31,750 debt collection letters in one year that were signed by an attorney, but were not reviewed by the signing attorney. Plaintiff identifies Seventh Circuit case law, which provides that falsely representing that a communication is from an attorney is a violation of the FDCPA. *See Boyd et al. v. Wexler*, 275 F.3d 642, 644 (7thCir. 2001) (citing 15 U.S.C. § 1692e(3)). Plaintiff's existing class claim alleges that Mann Bracken violated the FDCPA by misrepresenting "the character amount, or legal status of any debt[.]" Pl.'s Second Am. Compl. at ¶ 78.

Mann Bracken strongly opposes Plaintiff's efforts to add new class claims to this matter. Mann Bracken represents that Chase joins in its reply brief for the purpose of opposing any further amendments to Plaintiff's pleadings. With regard to Plaintiff's recent interjection of the issue of attorney review of debt collection letters, the Court finds that such a claim is not set forth in Plaintiff's pleadings. Thus, to the extent that Mann Bracken seeks to stay discovery with respect to a claim based on attorney review of debt collection letters, the request is denied because such a claim is not before the Court.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Motion to Stay Proceedings as to Mann Bracken, LLC and Opposition to Plaintiff's Motion for Extension to the Extent that Plaintiff Seeks to Add Subclasses [DE 73].  The Court **REAFFIRMS** all deadlines and settings in this matter.

SO ORDERED this 24th day of April, 2008.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record